UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| HORATIO DE MARIOUS SMITH, | ) | 3:04-CV-0667-LRH (RAM) |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| DANIELLE DETWILER, et al., | ) | |
| Defendants. | ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (hereinafter "FRCP"). (Doc. #28; *see* Doc. #44.) Plaintiff filed an opposition (Doc. #35), and Defendants replied (Doc. #40). The court heard oral arguments on the Motion on January 4, 2006. Also before the court is Defendant Detwiler's Motion to Amend the Answer (Doc. #32; *see* Doc. #49), which is unopposed. In that Motion, Defendant Detwiler seeks to add res judicata and collateral estoppel as affirmative defenses (Doc. #49).

**STATEMENT OF FACTS**

This case is the second suit[1] Plaintiff has brought concerning events which lead to his alleged contraction of the Hepatitis C virus. *Smith I*[2] was filed in early 2002. Plaintiff was permitted to file a

---

[1] Because this is the second suit, all further references to this case will be designated as *Smith II*.

[2] Case number 3:02-CV-0151-ECR (RAM).

Sixth Amended Complaint in *Smith I* wherein he alleged in his third claim that Danielle Detwiler and John Huth were deliberately indifferent to his medical needs. (Doc. #28, Exh. A.) According to Plaintiff, Detwiler and Huth retaliated against him and caused him to be exposed to unsanitary cell conditions, leading to his contraction of the Hepatitis C virus. (*Id.*)

Plaintiff's First Amended Complaint for *Smith II* was filed on February 3, 2005. (Doc. #6.) Count I of that complaint is a claim made against Defendants Danielle Detwiler and John Huth for deliberate indifference in violation of the Eighth Amendment.[3] (*Id.*) Defendant Detwiler motions to dismiss the only claim against her on the basis of res judicata in *Smith I*.[4] (Doc. #28.) Defendant Huth, who answered later separately (Doc. #45), joins in that motion (Doc. #44.)

## **LEGAL STANDARD**

"Res judicata and collateral estoppel are affirmative defenses that must be pleaded . . . to give the opposing party notice of the plea . . . ." *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971) (citing Fed. R. Civ. P. 8(c)). The doctrine of res judicata may bar a later suit if three elements are met: (1) the later suit must have involved the "same claim" as a prior suit; (2) the court must have reached a final judgment on the merits in the prior suit; and (3) the later suit must involve the same parties or their privities. *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1404 (9th Cir. 1993); *accord Blonder-Tongue Lab., Inc.*, 402 U.S. at 323-24 (citing and quoting *Bernhard v. Bank of Amer. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 813 (1942)).

///

///

---

[3] There are no other claims against Defendants Detwiler and Huth in Plaintiff's First Amended Complaint. (*See* Doc. #6.)

[4] Actually, Count III of the First Amended Complaint (Doc. #6) alleges Defendants violated Plaintiff's First, Eighth, and Fourteenth Amendment rights. A previous court order dismissed Plaintiff's First and Fourteenth Amendment claims based on res judicata grounds (Doc. 7), however, but omitted a discussion of the Eighth Amendment claim. After that order, Plaintiff's only remaining claim against Defendants was under the Eighth Amendment, and that is the subject of Defendants' Motion to Dismiss.

# DISCUSSION

A. Motion to Amend the Answer

Under FRCP 15(a), courts shall "freely give[]" parties leave to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Courts should deny such amendments when the purpose may be to create undue delay, or when the amendment is made in bad faith or with a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts should also consider whether the movant has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed, [or whether there would be] undue prejudice to the opposing party . . . ," or whether the amendment would be futile. *Id.*

Here, Defendant Detwiler filed her Answer on August 12, 2005 (Doc. #24), and then a Motion to Amend the Answer on September 22, 2005 (Doc. #32). The proposed amended answer attempts to add the affirmative defenses of res judicata and collateral estoppel. (Doc. #49.) The Motion is unopposed. Given that under Local Rule 7-2(d), *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D. N.Y. 1994) (placing the burden on the nonmovant to prove prejudice), the clear record of *Smith I*, *see, e.g.*, *Lyn-Lea Travel Corp. v. Amer. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (holding that an amended answer that added a new defense, which was a question of law, was not prejudicial to the plaintiff where the facts were undisputed), and the fact that res judicata is largely a question of law, *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005), the court finds it within its discretion to grant Defendant Detwiler's Motion to Amend the Answer (Doc. #32).

///
///
///
///
///
///
///
///
///

3

B. Motion to Dismiss: Res Judicata[5]

Defendants[6] move to dismiss Plaintiff's Eighth Amendment claim against them on the basis of res judicata, *i.e.*, "claim preclusion." (Doc. #32.) The doctrine of res judicata may bar a later suit if three elements are met: (1) the later suit must have involved the "same claim" as a prior suit; (2) the court must have reached a final judgment on the merits in the prior suit; and (3) the later suit must involve the same parties or their privities. *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1404 (9th Cir. 1993). The court will evaluate each element in turn.

1. Same Claim

Whether two suits involved the same "claim" is determined by four considerations:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Nordhorn*, 9 F.3d at 1405. Defendants submit that there is an identity of claims between *Smith I* and *Smith II* because both arose from the same transactional nucleus of facts. (Doc. #32.)

In *Smith* I, count III of the sixth amended complaint (Doc. #32, Exh. A) alleges that both Defendants were deliberately indifferent to Plaintiff's medical needs in October and November 2001 by repeatedly transferring Plaintiff to different cells. These repeated transfers, Plaintiff claims, were problematic given Plaintiff's physical limitations due to a broken thumb and bad back. (*Id.*) Moreover, in *Smith I*, Plaintiff claimed that Defendants' continual transfers to unkept cells eventually lead to his

---

[5] Defendants' Motion to Dismiss only argues for dismissal on res judicata grounds. (Doc. #28.) There is also some mention of collateral estoppel, *i.e.*, "issue preclusion," but there are no substantive arguments to that effect.

[6] The Motion to Dismiss (Doc. #32) was initially brought by Defendant Detwiler alone. At that time, Defendant Huth had not yet answered. (*See* Doc. #45.) Now that Defendant Huth has filed an answer (*id.*), he motions to join Defendant Detwiler in the Motion to Dismiss (Doc. #44), among other things. The court grants Defendant Huth's unopposed motion to join. Local Rule 7-2(d).

contraction of the Hepatitis C virus. (*Id.*) After reviewing Plaintiff's First Amended Complaint (Doc. #6) in this case, *Smith II*, the court finds that it contains the exact same allegations based on the exact same set of facts (*compare* Doc. #32, Exh. A *with* Doc. #6). At oral argument, Plaintiff admitted that his claims against Defendants in *Smith I* and *Smith II* were the same identical claims.

Under these circumstances it is clear that three of the Ninth Circuit's considerations are satisfied, and justify a finding of the "same claim" between *Smith I* and *II*. In both cases Plaintiff attempted to assert his rights under the First, Eighth, and Fourteenth Amendments rights based on the alleged deliberate indifference and retaliatory acts of Defendants. *See Nordhorn*, 9 F.3d at 1405 (factor three). Also, because both complaints alleged the same facts, they would necessarily require the same evidence to be produced at trial. *See id.* (factors two and four).

2. Final Judgment

Res judicata only applies where the prior case ended in a final judgment on the merits. *Blonder-Tongue Labs., Inc.*, 402 U.S. at 323-24. Defendants argue the court's dismissal of *Smith I* was a final judgment on the merits under *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002). (*See* Doc. #28 (referencing Doc. #7).) Plaintiff counters that there was no final judgment on the merits because "the [district judge] could not support [his] decision with a well reasoned opinion" and because Plaintiff "was not given a 'full and fair opportunity' to join and litigate Count III in *Smith I*." (Doc. #32.)

FRCP 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal . . . , other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a part under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). Dismissals under FRCP 12(b)(6) are no exception to the rule. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.1 (1981). Thus, because Plaintiff's Eighth Amendment claim against Defendants was dismissed in *Smith I* under FRCP 12(b)(6) (Doc. #28, Exhs. B, C), there was a final judgment on the merits.

///
///
///
///

5

### 3. Privity of Parties

There is no colorable debate as to the privity of parties between *Smith I* and *Smith II*. In both cases Plaintiff has sued the exact same people, Detwiler and Huth. (Doc. #6; Doc. #32, Exh. A.) Plaintiff's Opposition (Doc. #35) to the Motion to Dismiss misses the point. There, Plaintiff argues there is no privity because in *Smith I* he alleged Defendants violated his Eighth Amendment rights for "state danger creation [sic] exposure" (*id.*); whereas in *Smith II* he claims that Defendants violated his Eighth Amendment rights for "delay, denial or intentional interference with his medical care" (*id.*).

This argument lacks merit because it does not change the fact that Plaintiff previously made Eighth Amendment claims against the exact same defendants. *See* Restatement (Second) of Judgments § 34 (1982) (focusing on the identity of the parties, not the claims); *see, e.g.*, *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("[a]s the parties are identical, the only issues here are whether there is 'an identity of claims' with, and 'a final judgment on the merits'"); *Jones v. Warden of Stateville Corr. Ctr.*, 918 F. Supp. 1142, 1147 (N.D. Ill. 1995). Because the exact same parties involved in *Smith I* are again involved in *Smith II*, the court finds that this element is a non-issue.

Altogether, Defendants are entitled to the affirmative defense of res judicata on Plaintiff's Eighth Amendment claims. Plaintiff brought the same claims against the same defendants in an earlier case (*compare* Doc. #6 *with* Doc. #28, Exh. A), *Smith I*, that was adjudicated on the merits (*see* Doc. #28, Exhs. B, C). Indeed, at oral argument, Plaintiff notified the court of *Smith I*'s pending appeal before the Ninth Circuit. However, it is the direct appeal in *Smith I*, as opposed to the collateral attack in *Smith II*, that is the proper means to "revive" Plaintiff's claims against Defendants. Plaintiff's attempt to relitigate the same claims against Defendants must be barred by the doctrine of res judicata. Accordingly, Defendants' Motion to Dismiss (Doc. #28; *see* Doc. #44) should be granted.

///
///
///
///
///

# ORDER

**IT IS HEREBY ORDERED** that Defendant Detwiler's Motion to Amend the Answer (Doc. #32) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other motions with regard to Defendants Detwiler and Huth are **DENIED** as moot.

# RECOMMENDATION

**IT IS RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion to Dismiss (Doc. #28).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: January 5, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

7